# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

STANLEY BOCLAIR, #A-60451,  )
                             )
      Plaintiff,        )
                             )
vs.                          )  CASE NO. 10-cv-978-MJR
                             )
ILLINOIS DEPT. OF CORRECTIONS,)
et al.,                      )
                             )
      Defendants.       )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Stateville Correctional Center, was at all times relevant to this action housed in the Menard Correctional Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). Plaintiff was threatened by another inmate, so on October 1, 2007 he signed into the protective custody unit of Menard. Plaintiff witnessed Defendants Saddler and Beardan direct an assault on another inmate, and thus wrote a letter to the assistant warden, who is not a party to this case. The grievance was withheld by staff, and the next morning Defendant Saddler came to Plaintiff's cell and made threats relating to the letter. Plaintiff then filed an emergency grievance (grievance #1) concerning the threats. Defendant Hulick received this grievance, and determined that the matter was not an emergency, and denied the grievance.

On January 23, 2008, the inmate who had originally threatened Plaintiff was moved to Plaintiff's unit by John Doe Defendants, and housed three cells down from Plaintiff. Plaintiff informed Defendant Butler of the situation, but neither inmate was moved. Plaintiff filed another emergency grievance (grievance #2) to Defendant Hulick concerning the matter. The grievance was reviewed by Defendant Maue, who determined that there was no emergency and denied the grievance.

On February 9, 2008, Plaintiff witnessed another inmate assault committed by Defendants Beardan and Westerman, which was witnessed by Defendant Leifer. Plaintiff filed another emergency grievance (grievance #3) concerning this incident, which was reviewed by Defendant Hulick and termed a non-emergency. Plaintiff appealed the decision and the grievance was sent to Defendant Walker, who concurred with Defendant Hulick's decision.

On February 11, 2008, Plaintiff's cell remained locked while the others were open, causing him to have to ask for the cell to be opened. Plaintiff was at that point alone with correctional officers, and Defendant Leifer pointed Plaintiff out to other officers as the inmate who was filing grievances. Plaintiff went on to catch up to the other inmates, where Defendant Westerman threatened Plaintiff for filing false grievances. That same day Plaintiff filed another emergency grievance (grievance #4) recounting the incidents of the day. Defendant Hulick reviewed the matter and determined that the actions did not constitute an emergency.

On July 16, 2008, Defendant Beardan, with the consent of Defendants Leifer and Maue, came to Plaintiff's cell and made him move to another cell with an inmate named Denton, whom Plaintiff described as "mentally unstable". Plaintiff wrote that evening to Defendant Butler expressing concerns with Denton. However, Plaintiff's concerns were not addressed. Two days later Denton attacked Plaintiff while they were in their cell together. Plaintiff filed an emergency grievance (grievance #5) that same day with Defendant Hulick regarding the assault. Defendant Hulick determined that the incident did not constitute an emergency and denied the grievance. Plaintiff appealed this grievance, and Defendant Walker concurred with Defendant Hulick's decision to deny the grievance.

On August 16, 2008, Plaintiff was being escorted back to his cell by Defendant Beardan.

After Plaintiff was in his cell, Defendant Beardan began removing the hand cuffs, and twisting them around Plaintiff's wrists causing pain. The next day Plaintiff wrote another emergency grievance (grievance #6) regarding this treatment, as well as Defendant Hulick's seeming indifference to Plaintiff's concerns. Defendant Hulick reviewed the grievance and determined that it failed to state an emergency. At some point thereafter Defendant Hulick transferred Plaintiff to another institution.

**Discussion:**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of FED. R. CIV. P. 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1: Retaliation**

Plaintiff claims that he was subjected to retaliation for filing grievances when Defendants John Does moved an inmate who had made threats against Plaintiff three cells down from Plaintiff's cell. Plaintiff was further subjected to retaliation when Defendants Saddler and Westerman threatened him for filing grievances. The retaliation continued when Defendants Beardan, Leifer, and Maue caused Plaintiff to be moved to a new cell with inmate Denton, who later attacked Plaintiff. And finally, Plaintiff was further retaliated against when Defendant Hulick transferred Plaintiff to another institution.

Even though some of these allegations would likely not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are

4

actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (*discussing Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995)(retaliatory discipline).

At issue here is whether Plaintiff experienced an adverse action or actions that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges*, 557 F.3d at 551. This is a question that cannot be resolved at the pleading stages of this case. Thus, the Court is unable to dismiss this retaliation claim at this time.

**COUNT 2:** Failure to Protect

Plaintiff claims that Defendants Hulick, Butler, Walker, Maue, and Illinois Department of Corrections failed to protect Plaintiff from harm when they denied his grievances and failed to address his concerns. However, a cause of action does not arise where a plaintiff files a grievance, and simply disagrees with the outcome. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). In the case at bar Plaintiff filed 6 grievances relating to various incidents herein discussed. Each of those grievances was addressed, and ultimately denied. Although this is not the outcome Plaintiff desired, his disagreement with the decisions does

not raise a constitutional violation.

Further, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As Chief Judge Easterbrook has stated:

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to [results] That can't be right. *See Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993).

*Burks*, 555 F.3d at 595.

Plaintiff's grievances were addressed, though not to his satisfaction. The Defendants named in this Count were not themselves responsible for the actions taken against Plaintiff when they failed to grant his grievances or respond to his letters. Because Defendants will only be held accountable for their own misdeeds, this Count is dismissed with prejudice.

**COUNT 3:** Excessive Force

Plaintiff finally claims that he was subjected to excessive force when Defendant Beardan twisted her handcuffs around Plaintiff's wrists. The intentional use of excessive force by prison

guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 130 S.Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S.Ct. at 1180 (*citing Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (The question is whether force was de minimus, not whether the injury suffered was de minimus); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here Plaintiff alleges that Defendant Beardan twisted her handcuffs around Plaintiff's wrists. The use of handcuffs in prison is common place, and while the Court frowns upon any use of force, it seems that placing handcuffs on and taking them off an inmate necessarily requires a de minimus amount of force. *See Fillmore v. Page*, 358 F.3d 496 (7th Cir. 2004)(Inmate who was handcuffed experienced at most "discomfort and sore wrists," which does not violate the Constitution). Such is the case here, where Defendant Beardan was utilizing the handcuffs in response to prison policy. While Defendant Beardan may have utilized force when removing the cuffs, such force is de minimus, and does not rise to a Constitutional violation. For this reason, this Count is dismissed with prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **BUTLER, WALKER,** and **ILLINOIS DEPARTMENT OF CORRECTIONS** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **SADDLER, WESTERMAN, BEARDAN, LEIFER, MAUE, HULICK,** and **JOHN DOES** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate

stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 1, 2011**

                                                    **/s/ MICHAEL J. REAGAN**
                                                    **U.S. DISTRICT JUDGE**