IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY BOCLAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-cv-0978-MJR-SCW |
| | ) |
| DONALD HULICK, | ) |
| TINA BEARDAN MONROE, | ) |
| BRADLEY SADLER, | ) |
| TOM MAUE, | ) |
| DARRELL WESTERMAN, | ) |
| and DAN LIEFER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Stanley Boclair filed this prisoner civil rights suit under 42 U.S.C. 1983, alleging deprivations of his constitutional rights while he was housed at Menard Correctional Center in the custody of the Illinois Department of Corrections. On threshold review of the complaint under 28 U.S.C. 1915A, the undersigned Judge dismissed several claims and Defendants, ordered service to be made on the remaining Defendants, and referred the case to the Honorable Stephen C. Williams, United States Magistrate Judge, to handle pretrial matters pursuant to Local Rule 72.1(a).

The seven Defendants who survived threshold screening were (1) Donald Hulick, (2) Tina Beardon Monroe, (3) "Shawn Saddler," (4) "Maue," (5) Darrell Westerman, (6) "Liefer," and (7) Unknown Party John Doe(s). Subsequent pleadings and Orders dismissed the unknown party John Doe Defendants and clarified that "Shawn Saddler" is Bradley Sadler, "Maue" is Tom Maue, "Liefer" is Dan Liefer, and

Tina Monroe's middle name is spelled "Beardan" (rather than Beardon). *See, e.g., Defendants' Answer at Doc. 32.* The Clerk's Office shall now **CORRECT THE DOCKET SHEET** to list the correct names and spellings for Defendants Sadler, Maue, Liefer and Monroe.

On September 23, 2011, the remaining six Defendants herein (Hulick, Liefer, Maue, Beardan Monroe, Sadler and Westerman) moved for summary judgment based on Plaintiff Boclair's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. 1997e(a), prior to filing this suit (Doc. 44). On January 24, 2012, Judge Williams submitted a Report (Doc. 52) recommending that the undersigned District Judge grant in part and deny in part Defendants' summary judgment motion.[1] The Report and Recommendation was sent to the parties with a notice plainly advising them that they must file any objections by February 10, 2012 (Doc. 52-1).

As of February 13, 2012, no objections were filed by any party. Accordingly, pursuant to 28 U.S.C. 636(b), the undersigned Judge need not conduct *de novo* review of the Report and Recommendations. **28 U.S.C. 636(b)(1)(C)("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").** *See also Thomas v. Arn,* 474 U.S. 140 (1985); *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 741 (7th Cir. 1999); *Video Views Inc., v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986).

---

[1] Judge Williams determined that there were no factual disputes as to exhaustion, and therefore a *Pavey* hearing was not necessary to resolve the solely legal questions relating to exhaustion in this case.

No objections have been filed to the Report and Recommendation submitted by Judge Williams. The Court hereby **ADOPTS** that Report (Doc. 52) in its entirety, as explained below.

The Court **GRANTS IN PART and DENIES IN PART** Defendants' summary judgment motion (Doc. 44). Based on Judge Williams' analysis and detailed findings, the Court concludes as follows. Plaintiff exhausted his administrative remedies as to Defendants Tina Beardan Monroe and Darrell Westerman. Therefore Defendants' motion is <u>denied</u> as to Beardan Monroe and Westerman. Plaintiff failed to exhaust as to Defendants Donald Hulick, Dan Liefer, Tom Maue and Bradley Sadler. So Defendants' motion is <u>granted</u> as to Hulick, Liefer, Maue and Sadler. If administrative remedies are not properly exhausted prior to filing suit, the district court must dismiss those claims/defendants without prejudice. ***See, e.g., Burrell v. Powers*, 431 F.3d 282, 284 (7th Cir. 2005),** *citing **Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)("Dismissal for failure to exhaust is without prejudice …."); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice").** Accordingly, all claims against Defendants Hulick, Liefer, Maue and Sadler are hereby **DISMISSED** without prejudice based on Plaintiff's failure to exhaust prior to commencing this suit.

As a consequence of the Court adopting Judge Williams' Report and Recommendation, **the only claims which remain for disposition herein are Plaintiff's retaliation claims against Defendants <u>Tina Beardan Monroe</u> and <u>Darrell Westerman</u>.** A trial date has been set before the undersigned District Judge (October

15, 2012), and Judge Williams will conduct a final pretrial conference on September 4, 2012 (see Docs. 39, 40).

IT IS SO ORDERED.

DATED February 13, 2012.

                                                         s/ ***Michael J. Reagan***
                                                         Michael J. Reagan
                                                         United States District Judge