IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STANLEY BOCLAIR, #A-60451, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  10–cv–978–SCW |
| | ) | |
| TINA   BEARDAN-MONROE   and | ) | |
| DARRELL WESTERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

### I.   Introduction

Before the Court is a motion for summary judgment (Docs. 73 & 74) filed by

Defendants Tina Beardan-Monroe and Darrell Westerman.  Specifically, both Defendants argue that

they are entitled to summary judgment on Plaintiff's retaliation claims as Plaintiff has not shown that

either Defendant had any involvement in placing him in a cell with an inmate who later attacked

Plaintiff.  Plaintiff has filed a Response in opposition to the motion (Doc. 77).  Plaintiff has also filed

a motion to strike a paragraph from an affidavit of Brett Meyerhoff which Defendants used in their

summary judgment motion (Doc. 75) as well as a motion to defer ruling on the summary judgment

motion (Doc. 76).  Defendants have filed Responses to both motions (Docs. 78 & 79, respectively), as

well as a Reply to their summary judgment motion (Doc. 80).  Based on the following, the Court

**GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment (Docs.

73 & 74).  Specifically, the Court **GRANTS** Defendants' motion as to Defendant Westerman but

**DENIES** the summary judgment motion as to Defendant Beardan-Monroe.

## II.   Factual Background

The events which form the basis of Plaintiff's retaliation claims took place while Plaintiff was incarcerated at Menard Correctional Center.   Plaintiff's Complaint alleges that Defendants Westerman and Beardan-Monroe retaliated against him for filing grievances.   On February 10, 2008, Plaintiff wrote a grievance alleging that Defendant Westerman forced another inmate to eat food off of the floor (Doc. 74 Ex. A; Ex. B at pp. 18-19).   On February 11, 2008, Westerman pulled Plaintiff out of the lunch line and stated: "Why did you lie on me?  You think you got your ass whipped in the West House? You're going to get fucked up now" (Doc. 74 Ex. B at pp. 9-12).   Westerman did not touch Plaintiff and the encounter lasted a total of thirty seconds (*Id.* at p. 12, 17).   That same day, Plaintiff filed a grievance alleging that Westerman threatened him (Doc. 45 Ex. B).

On July 16, 2008, Plaintiff was placed in cell MEN-N-02-10 with an Inmate Denton who allegedly could not get along with his previous cellmate (Doc. 74 Ex. B at pp. 20, 26-27).   Defendant Beardan-Monroe escorted Plaintiff to his new cell (*Id.* at pp. 21-22).   On July 18, 2008, while housed with Inmate Denton, Plaintiff was attacked by Denton (*Id.* at pp. 30-32).   The parties dispute whether Plaintiff was moved as part of a routine cell transfer.   Plaintiff argues that Beardan-Monroe moved him to a cell with Denton in order to initiate an attack on Plaintiff by Denton (Doc. 74 Ex. B at p. 23).   Plaintiff alleges that this was in response to the grievance written on February 10, 2008, as well as one written on February 24, 2008 in which Plaintiff alleged that Beardan-Monroe was concealing an assault of another inmate (*Id.* at pp. 29-30).   Plaintiff does not allege that Westerman participated in any way in Plaintiff's cell transfer.

## III.   Summary Judgment Standard

Under **FEDERAL RULE OF CIVIL PROCEDURE 56(c)**, summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986).** *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* **422 F.3d 603, 607 (7th Cir. 2005)**. The burden is upon the moving party to establish that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, **398 U.S. 144, 160 (1970).** *See also Lawrence v. Kenosha County*, **391 F.3d 837, 841 (7th Cir. 2004)**. A fact is material if it is outcome determinative under applicable law. *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 248 (1986);** *Ballance v. City of Springfield, Illinois Police Department*, **424 F.3d 614, 616 (7th Cir. 2005);** *Hottenroth v. Village of Slinger,* **388 F.3d 1015, 1027 (7th Cir. 2004).** Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." *Spiegla v. Hull*, **371 F.3d 928, 935 (7th Cir. 2004).** *See also Anderer v. Jones*, **385 F.3d 1043, 1064 (7th Cir. 2004).**

The inquiry performed is the threshold inquiry of determining whether there is the need for a trial, whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

> [T]his standard mirrors the standard for a directed verdict under **FEDERAL RULE OF CIVIL PROCEDURE 50(a)**, which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

*Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 250 (1986).** *See also Celotex Corporation v. Catrett*, **477 U.S. 317, 322-23 (1986);** *Packman v. Chicago Tribune Co.*, **267 F.3d 628, 637 (7th Cir. 2001);** *Sybron Transition Corporation v. Security Insurance Company of Hartford*, **107 F.3d 1250, 1255 (7th Cir. 1997).**

A showing of a mere factual disagreement between the parties is insufficient, the factual issue must be "material," meaning that the issue must be one affecting the outcome of the suit. *See*

*Outlaw v. Newkirk*, **259 F.3d 833, 837 (7th Cir. 2001)**.  A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, **477 U.S. at 323**. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*.

## IV.   Analysis

### A.       Motion to Defer Ruling

The Court first takes up Plaintiff's Rule 56(d) Motion to Defer Ruling on Defendants' Motion for Summary Judgment (Doc. 76).  Specifically, Plaintiff notes that he conducted limited discovery before he was appointed counsel and that counsel was appointed after the discovery deadline, thus Plaintiff argues that he lacks the information necessary to respond to Defendants' summary judgment motions and needs additional time and opportunity to conduct additional discovery. Defendants have filed a Response in opposition to Plaintiff's motion (Doc. 79).

Rule 56(d) "authorizes a district court to refuse to grant a motion for summary judgmnet or to continue its ruling on such a motion pending further discovery if the nonmovant submits an affidavit demonstrating why it cannot yet present facts sufficient to justify its opposition to the motion." *Woods v. City of Chicago*, **234 F.3d 979, 990 (7th Cir. 2000).**  The party seeking protection under Rule 56(d) "must make a good faith showing that it cannot respond to the movant's affidavits." *Kalis v. Colgate-Palmolive Co.,* **231 F.3d 1049, 1057 n. 5 (7th Cir. 2000) (quoting** *United States v. All Assets and Equip. of W. Side Bldg. Corp.*, **58 F.3d 1181, 1190 (7th Cir. 1995))**.  Court's can disregard a party's failure to comply strictly with the rule as long as the request "set[s] out the justification for the continuance." *Id*. **at 1057 n. 5.**

Here, the Court notes that additional discovery and the information Plaintiff seeks is not

necessary at this time as the Court has all it needs before it to make a ruling on the pending summary judgment motion. The Court will be **DENYING** the motion as to Beardan-Monroe, thus the discovery Plaintiff seeks to add to his argument is not necessary; and the information Plaintiff seeks from Defendants does not affect and is not related to the claims against Westerman. Thus, the Court **DENIES** Plaintiff's motion to defer ruling (Doc. 76).

**B.      Motion to Strike**

Plaintiff has also filed a Motion to Strike (Doc. 75) which seeks to strike paragraph 8 from Defendants' Exhibit C, the Affidavit of Brett Meyerhoff (Doc. 74 Ex. C at ¶ 8). Paragraph 8 states that "[a]coording to the Department's Offender Tracking System, Inmate Stanley Boclair (#A60451) was moved to cell MEN-N-02 on July 16, 2008 as part of a routine cell change completed by the placement office staff" (*Id.*). Plaintiff argues that the statement relies on hearsay and is an unsupported conclusory argument. Defendants argue that the statement is an exception to the hearsay rule because it qualifies as a business record.

Rule 56(c)(2) states that "[a] party may object to that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Plaintiff objects that paragraph 8 of Defendants' offered affidavit is hearsay that does not fall within the business records exception as Defendants argue. The business records exception to hearsay states in part that:

> [t]he following are not excluded by the rule against hearsay...[a] record of an act, event, condition, opinion, or diagnosis if:
> (A)   the record was made at or near the time by - or from information transmitted by - someone with knowledge;
> (B)   the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C)   making the record was a regular practice of that activity;
> (D)    all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification...; and
> (E)   neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

**FEDERAL RULE OF EVIDENCE 803(6).**

Here, Defendants argue that the statement qualifies under the business records exception as an exception to the general hearsay rule.  Defendants do not offer a business record into evidence.  Instead, they offer the testimony of Meyerhoff who references the business record, but not the business record itself.  The business record exception, however, only applies to the business *record*, not a witness' testimony referencing facts found in the business record.  Defendants have not sought to offer the Department's Offender Tracking System record.  It also does not appear that they turned that document over to Plaintiff.[1]  Nor have Defendants offered any basis for Meyerhoff's testimony falling under any other exception to the hearsay rule.  Thus, the Court finds that Meyerhoff's statements do not qualify as an exception the hearsay rule under the business records exception and thus the Court **GRANTS** Plaintiff's motion to strike (Doc. 75).  Paragraph 8 of Doc. 74 Exhibit C is **STRICKEN**.

**C.     Retaliation**

In order to establish a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that he was "engaged in activity protected by the First Amendment" and that he "suffered a deprivation that would likely deter First Amendment activity in the future." *Bridges v. Gilbert*, **557 F.3d 541, 546 (7th Cir. 2009).**  Plaintiff must also demonstrate that "his speech was at least a motivating factor in the [defendant's] action" in order to make his *prima facie* case. *Zellner v. Herrick*, **639 F.3d 371, 378-79 (7th Cir. 2011) (citing** *Massey v. Johnson*, **457 F.3d 711, 716 (7th Cir. 2006)).**  However, once Plaintiff has made his *prima facie* case, the burden shifts to defendant "to

---

[1]  **FEDERAL RULE OF CIVIL PROCEDURE 26** requires that a party provide "all documents...that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." **FED.R.CIV.P. 26(a)(1)(A)(ii)**.  If a party fails to properly disclose information under Rule 26, then that "party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." **FED.R.CIV.P. 37(c)(1).**

rebut with evidence that the [defendant's animus] though a sufficient condition was not a necessary condition of the conduct, i.e. it would have happened anyway. *Greene v. Doruff*, **660 F.3d 975, 980 (7th Cir. 2011)**. Plaintiff "must then demonstrate that the defendant's proffered reasons for the decision were pretextual and that the retaliatory animus was the real reason for the decision." *Zellner*, **639 F.3d at 379**. At the summary judgment stage of proceedings, "mere speculation" on the plaintiff's part is insufficient; instead, a plaintiff must come forward with some evidence of causation. *Rockwell Automation, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, **544 F.3d 752, 757 (7th Cir. 2008)**.

### 1.    Defendant Darrell Westerman

Defendant Westerman claims that he is entitled to summary judgment on Plaintiff's claim of retaliation because threats do not rise to the level of a constitutional violation. Plaintiff's claim of retaliation against Westerman alleges that in response to Plaintiff writing a grievance against Westerman for requiring another inmate to eat cookies off the floor, Westerman pulled Plaintiff from the lunch line and stated "Why did you lie on me? You think you got your ass whipped in the West House? You're going to get fucked up now." Plaintiff does not allege that Westerman touched Plaintiff or even followed up on the threats. Plaintiff also does not allege that Westerman was in any way involved in his cell placement which occurred five months later and is the basis for his retaliation claim against Defendant Beardan-Monroe. Instead, Plaintiff merely alleges that Westerman retaliated against him by threatening him because he wrote a grievance about Westerman.

The First Amendment protects a prisoner inmate's right to file grievances regarding prison conditions. *Pearson v. Welborn*, **471 F.3d 732, 741 (7th Cir. 2006)**. Defendants argue that Plaintiff's claim only alleges verbal threats which do not rise to the level of actionable retaliation and which would not deter First Amendment activity in the future. In order to be actionable, the alleged

retaliation must be the sort that would "deter a person of ordinary firmness" from exercising their First Amendment rights. *Bart v. Telford*, **677 F.2d 622, 625 (7th Cir. 1982);** *Bridges v. Gilbert*, **557 F.3d 541, 555 (7th Cir. 2009).** The Court agrees with Defendants that Defendant Westerman's statements would not deter a person of ordinary firmness from exercising his First Amendment rights. As the Seventh Circuit noted in *Bart,* "[i]t would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Id.* Further, as Defendant Westerman points out, Plaintiff was not deterred from filing grievances as he filed a grievance that day regarding Westerman's threats. *See also Antoine v. Uchtman*, **275 Fed. Appx. 539,  2008 WL 1875948, at * 1-2 (7th Cir. 2008) (threats and racist statements did not constitute retaliation when guards took no concrete action to dissuade the inmate from filing grievances and the record was clear that the inmate continued to file grievances despite the threats).** All Plaintiff alleges is that Westerman threatened him, and Plaintiff concedes that Westerman never acted on those threats or was any way involved in the attack by Inmate Denton. However, those mere threats, without something more, are not actionable. *See DeWalt v. Carter,* **224 F.3d 607, 612 (7th Cir. 2000).** As the Seventh Circuit stated in *Antoine*, "the Constitution does not compel guards to address prisoners in a civil tone using polite language." *Antoine*, **275 Fed. Appx 539, 2008 WL 1875948, at *2.** Accordingly, as Plaintiff has failed to allege anything more than verbal threats from Westerman, the Court **FINDS** that Westerman's actions do not constitute retaliation and thus the Court **GRANTS** summary judgment as to Defendant Westerman.

> 2.      **Defendant Tina Beardan-Monroe**

Defendant Beardan-Monroe argues that she is entitled to summary judgment on Plaintiff's retaliation claim because Plaintiff was moved as part of a routine cell transfer and Defendant Beardan-Monroe did not have the ability or the authority to move Plaintiff to the cell with Inmate

Denton.  However, the only evidence that Defendant provides to show that the transfer was routine

is a statement from Meyehoff's affidavit, a statement which this Court has stricken.  Thus, there still

remains an issue of fact as to whether Beardan-Monroe played any part in the cell transfer of Plaintiff.

Plaintiff maintains that the transfer was done out of retaliation for grievances that he had written about

Beardan-Monroe, while Defendant maintains that it was routine.  However, as the Court has stricken

the only evidence Defendant offered to show that the transfer was routine, there still remains an issue

of fact as to the motivations behind Plaintiff's transfer.  Thus, the Court cannot grant summary

judgment at this time.

## V.  Conclusion

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants'

motion for summary judgment.  The Court **GRANTS** summary judgment as to Defendant Westerman

but **DENIES** summary judgment as to Defendant Beardan Monroe.  Upon the filing of this Order, the

only claim which will remain for trial is Plaintiff's claim of retaliation against Defendant Beardan

Monroe by placing him in a cell with Inmate Denton.

IT IS SO ORDERED.

DATED: September 4, 2012.

/s/*Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge